**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERNEDINA MADRIGAL,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>Defendant. | No. 1:24-cv-00415-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED**<br><br>(Doc. 11)<br><br>**OBJECTIONS DUE: 14 DAYS** |

## I.    INTRODUCTION

Plaintiff Ernedina Madrigal, proceeding *pro se*, initiated this action against Martin O'Malley, the Commissioner of Social Security, (the "Defendant" or the "Commissioner") by filing a complaint on April 8, 2024. (Doc. 1). Defendant filed the instant Motion to Dismiss (Doc. 11) on June 10, 2024. Plaintiff has not filed an opposition, and the time to do so has passed. E.D. Cal. L.R. 230(c). The matter is therefore deemed unopposed. *Id.*

The motion is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1] For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss

---

[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

(Doc. 11) be GRANTED.

## II.   LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). A Court may, however, consider evidence "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

### III.  FACTUAL AND PROCEDURAL BACKGROUND

In considering Defendants' Motion, the Court accepts as true all of the following factual allegations contained in the complaint. *See, e.g., Rotkiske v. Klemm*, 140 S. Ct. 355, 359 n.1 (2019) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)).

Plaintiff states the following in her complaint:

> Plaintiff is a lady that is 97 years old. Social security is currently taking all Plaintiff Social security checks and putting them towards an over payment. They sent Plaintiff a letter informing her that she won't be able to get a disability check until the year 2037 because all the money is being tak[e]n for an over payment. Plaintiff needs some type of disability check to survive because he cannot work due to her age and physical condition. Plaintiff has no other family members that can help support or take care of her and for this reason Plaintiff is requesting for this court to issue orders ordering social security to not take the full benefit payments.

(Doc. 1 at 2).

In May 2014, Plaintiff pled guilty to one count of theft of government property in violation of 18 U.S.C. § 641. (*See United States v. Ernedina Madrigal*, 1:13-cr-00341-AWI-BAM, Doc. 16).[2] Plaintiff admitted to applying for, and receiving, Social Security retirement benefits using a fraudulent name and Social Security number between September 1996 and October 2011. (*Id.* at 10.) The Social Security Administration (the "SSA") paid Plaintiff at least $113,435.54 in benefits that she was not legally entitled to receive. (*Id.).* Currently, Plaintiff is

---

[2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue," when ruling on a motion to dismiss. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (same). Accordingly, the Court will take judicial notice of the plea agreement in the related criminal case, *United States v. Ernedina Madrigal*, 1:13-cr-00341-AWI-BAM, Doc. 16.

not eligible for Supplemental Security income benefits, though she is entitled to retirement benefits. (Doc. 11-1 at 2). The SSA, however, is currently withholding 100 percent of her monthly retirement benefits to repay the benefits she fraudulently received. (Doc. 11-1 at 2).

## IV.   DISCUSSION

**A.   Plaintiff Has Not Stated a Claim Upon Which Relief May Be Granted**

Defendant contends the Court must dismiss Plaintiff's claim because the Court lacks jurisdiction to hear her case, as "[t]he Social Security Act only permits judicial review of a 'final decision of the Commissioner of Social Security made after a hearing,'" and the SSA's decision to withhold her retirement benefits is not a "final decision" under the Social Security Act (42 U.S.C. § 404). (Doc. 11 at 3) (quoting 42 U.S.C. § 405(g) and *citing Califano v. Sanders*, 430 U.S. 99, 108 (1977)).

Plaintiff has the burden to demonstrate the Court has jurisdiction. *See Mathews v. Eldridge*, 424 U.S. 319, 328–29 (1976). Section 405(g) of the Social Security Act ("Section 405(g)") requires a claimant to obtain a "final decision of the Commissioner of Social Security made after a hearing" before seeking judicial review of an agency decision regarding Social Security benefits. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). "The term 'final decision' is not left undefined by the Act, and its meaning is left to the Secretary [of the Social Security Administration] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Only final decisions, however, are reviewable by a district court. 42 U.S.C. § 405(g). A decision is not final until a claimant exhausts a four-step process. 20 C.F.R. § 404.900(a)(1)–(5). The steps are as follows: (1) initial determination, (2) request for reconsideration of the initial determination, (3) request for hearing before an ALJ, and (4) review of the request for hearing before the Appeals Council. (*Id.*). "A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). A "[s]uspension, reduction, or termination of . . . SSI benefits," and "whether an overpayment of benefits must be repaid" are administrative actions that are considered "initial determinations" under the Social Security Act and are subject to the four-step

1 administrative review process.  20 C.F.R. § 404.902; 20 C.F.R. § 416.1402(b), (c).[3]

2 Plaintiff has not alleged that she requested the SSA reconsider its initial determination to suspend, reduce or terminate her benefits.  Accordingly, Plaintiff has not established that she presented her claim to the Commissioner, let alone that she exhausted her administrative remedies.  *Bulletti v. Astrue*, No. 12-682 MEJ, 2012 WL 4120536, at *5 (N.D. Cal. Sept. 19, 2012) (failure to complete the agency's review process precludes judicial review under § 405(g)).  Without a final decision from the Commissioner, this court is without jurisdiction to hear Plaintiff's claim.  *Bass v. Social Security Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction.").  Plaintiff has not alleged she undertook any of the steps outlined in 20 C.F.R. § 404.900(a)(1)–(5).

Because Plaintiff has not alleged that she presented her claim to the Commissioner and otherwise exhausted her administrative remedies, there is no "final decision" subject to judicial review under Section 405(g), and the Court is without jurisdiction to hear her claim.[4]  *Bass*, 872 F.2d at 833.  The Court therefore recommends granting the Defendant's motion to dismiss.

**B.    Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001).  Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion to decide whether to allow additional opportunities to amend is "particularly broad."  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds*

---

[3] When the SSA determines an individual received an overpayment, the SSA may withhold part of a monthly benefit where "it is determined that withholding the full amount each month would defeat the purpose of title II, i.e., deprive the person of income required for ordinary and necessary living expenses."  20 C.F.R. § 404.502(c).  If the individual's "intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information" caused the overpayment, then "no benefit for any month and no lump sum is payable to such individual . . . until an amount equal to the amount of overpayment has been withheld or refunded."  20 C.F.R. § 404.502(a)(1), (c)(2).  Because the Court lacks jurisdiction to hear Plaintiff's claim, however, the Court makes no recommendation on the propriety of the SSA's actions, though the Court recognizes Defendant may be statutorily authorized to do so.

[4] While exhaustion may be waivable, the requirement that Plaintiff presented her claim to the Commissioner cannot be waived.  *Kildare*, 325 F.3d at 1082.

*Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012).  While Plaintiff has not alleged facts suggesting she presented her claim to the Commissioner or otherwise exhausted her administrative remedies, it is unclear that Plaintiff could not allege as much.  Because the Court cannot determine that Plaintiff's complaint could not possibly be cured by alleging other facts, the Court recommends granting Plaintiff leave to amend.[5]

## V.     CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Doc. 11) be GRANTED with leave to amend.  These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 16, 2024**                        /s/ *Sheila K. Oberto*                    
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[5] The merits of Plaintiff's case are dubious, but the Court will refrain from addressing the parties' arguments related to whether the SSA may withhold Plaintiff's benefits until Plaintiff establishes the Court has the jurisdiction to do so.