UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEDINA MADRIGAL,<br><br>            Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendants. | Case No. 1:24-cv-0415 JLT SKO<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 11, 13) |

Ernedina Madrigal proceeds *pro se* in this matter, asserting the Social Security Administration is wrongfully withholding the entirety of her disability benefits "and putting them towards an over payment." (Doc. 1 at 2.) Plaintiff does not challenge the overpayment determination, or the finding that she must repay the overpayment. (*See generally* Doc. 1.) Rather, Plaintiff requests the Court "order[] social security to not take the full benefit payments." (*Id.* at 2.)

Defendant seeks dismissal, asserting "Plaintiff does not have a claim upon which relief may be granted, and the Court should dismiss Plaintiff's Complaint without leave to amend." (Doc. 11 at 2.) Defendant reports that "[i]n May 2024, Plaintiff pled guilty to one count of violating 18 U.S.C. § 641 - Theft of Government Property." (*Id.*, citing *United States v. Ernedina Madrigal*, Case No. 1:13-cr-00341-AWI-BAM (E.D. Cal.) [Doc. 16].) Defendant notes:

1

> As part of her plea, Plaintiff admitted to applying for, and receiving, Social Security retirement benefits using a fraudulent name and Social Security number. *Id*. at 10. For approximately 15 years, Plaintiff collected Supplemental Security Income benefits in her own name and fraudulent Social Security retirement benefits in someone else's name. *Id.* As a result, the Social Security Administration paid Plaintiff at least $113,435.54 in benefits that she was not legally entitled to receive. *Id.*

(Doc. 11 at 2.) Defendant reports that "[t]he Social Security Administration is currently withholding 100% of Plaintiff's monthly retirement benefit payments to repay her fraud overpayment." (*Id.*, citing Delgado Decl. ¶ 5 [Doc. 11-1 at 2].) Defendant acknowledges Plaintiff's request that the Court order the Administration to not take her full benefits but argues "the amount that the SSA withholds from a claimant's benefits to recover an overpayment is not an 'initial determination' that is subject to further administrative or judicial review." (*Id.* at 3, citing 20 C.F.R. § 404.902.) Defendant asserts that "the Social Security Act bars Plaintiff's requested relief" because the "regulations require full withholding in fraud cases." (*Id.* at 2, 4; *see also* 20 C.F.R. §§ 404.502(a)(1)(a), 404.502(c)(2).) Consequently, Defendant contends that "Plaintiff's issue is not subject to review and her requested relief is unavailable." (*Id.* at 4.) Plaintiff did not oppose, or otherwise respond to, the motion to dismiss.

The magistrate judge found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. 13 at 4.) Specifically, the magistrate judge found Plaintiff did not "allege[] that she requested the SSA reconsider its initial determination to suspend, reduce or terminate her benefits." (*Id.* at 5.) As a result, the magistrate judge found "Plaintiff has not established that she presented her claim to the Commissioner, let alone that she exhausted her administrative remedies." (*Id.*) The magistrate judge noted that "[w]ithout a final decision from the Commissioner, this court is without jurisdiction to hear Plaintiff's claim." (*Id.*, citing *Bass v. Social Security Admin*., 872 F.2d 832, 833 (9th Cir. 1989).) The magistrate judge found leave to amend was appropriate because it was unclear whether Plaintiff could "allege facts suggesting she presented her claim to the Commissioner or otherwise exhausted her administrative remedies." (*Id.* at 6.) Consequently, the magistrate judge recommended the Court grant the motion to dismiss with leave to amend. (*Id.* at 6.)

The Court served the Findings and Recommendations on the parties and informed the parties that any objections were due within 14 days. (Doc. 13 at 6.) In addition, the Court advised the parties that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 6, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Neither Plaintiff nor Defendant filed objections, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the entire matter. Having carefully reviewed the matter, the Court finds the determination that the Court lacks jurisdiction is supported by the record and proper analysis. However, the Court finds that leave to amend is not warranted, because amendment is futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

As the magistrate judge observed, federal courts have limited jurisdiction to hear appeals of Social Security Administration decisions and may only do so where the Commissioner of Social Security makes a final decision. 42 U.S.C. § 405(g). A decision is not final unless: (1) the agency makes an initial determination; (2) the claimant asks that the agency reconsider the initial determination; (3) the claimant requests a hearing before an administrative law judge; and (4) the claimant requests that the Appeals Council review the administrative law judge's decision. *See* 20 C.F.R. § 404.900(a)(1)-(5). The decision to withhold *full* benefits—such as in cases of fraud—is not identified in the list of agency actions considered an "initial determination." *See* 20 C.F.R. § 404.902. In any event, because Plaintiff did not allege that she exhausted the administrative review process, the Court lacks jurisdiction over her claim and the matter must dismissed without prejudice.

Moreover, even if Plaintiff alleged that she exhausted her administrative remedies, and as difficult as it is, the federal court lacks jurisdiction to review the administrative decision to withhold 100% of an individual's monthly benefits for overpayment. *See, e.g., Taylor v. Soc. Sec.,* 2013 WL 1098103, at *1 (E.D. Va. Mar. 14, 2013) (adopting the magistrate judge's finding that the district court lacked jurisdiction over the claimant's request for "judicial review of the Social Security Administration's decision to withhold 100% of his monthly … benefits to recover an overpayment"), *aff'd,* 528 Fed. App'x 375 (4th Cir. 2013); *see also Cooper v. Saul*, 2019 WL

4024790, at *3-4 (E.D. Va. July 19, 2019) (finding the court lacked jurisdiction over a claim challenging the withholding of 100% of benefits where the overpayment was due to fraud).

As Defendant argues, the regulations indicate full benefits shall be withheld in cases of fraud when the individual who was overpaid is living. Specifically, the regulations provide: "If the individual to whom an overpayment was made is at the time of a determination of such overpayment entitled to a monthly benefit or a lump sum under title II of the Act…, *no benefit for any month … is payable* to such individual." 20 C.F.R. § 404.502(a)(1) (emphasis added). The Regulations indicate that even if the individual would otherwise be entitled to an adjustment of the withholding percentage, an adjustment to less than the full amount "*will not be available* if the overpayment was caused by the individual's intentional false statement or representation…" 20 C.F.R. § 404.502(c)(2) (emphasis added). Because it is undisputed that Plaintiff plead guilty to fraud related to the receipt of Social Security benefits, an adjustment to less than the full benefit is not available under the Regulations. Consequently, even if Plaintiff exhausted her administrative remedies, the Court finds she would be unable to state a claim and leave to amend is futile. Based upon the foregoing, the Court has no choice and **ORDERS**:

1. The Findings and Recommendations (Doc. 13) are **ADOPTED** in part.
2. Defendant's unopposed motion to dismiss (Doc. 11) is **GRANTED**, without leave to amend.
3. The action is **DISMISSED** without prejudice for lack of jurisdiction.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 8, 2025**

UNITED STATES DISTRICT JUDGE